## M. J. HARRIS CO. v BUCKEYE-SHERIFF STREET REALTY CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18405. Decided Dec 22, 1941

H. L. Haner, Cleveland, for plaintiff-appellee.

Baker, Hostettler & Patterson, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

In this case the trial court, a jury having been waived, awarded plaintiff a judgment for $3510.00 for real estate commission on the following facts:

The plaintiff, a duly licensed real estate broker, secured The Kroger Grocery & Baking Company as a lessee for the land and building owned by the defendant at the corner of East 4th and Prospect Avenue, Cleveland, Ohio. The lease was executed on September 14, 1931, and was for a term commencing on November 16, 1931 and ending on November 15, 1936, as a rental of $20,000.00 per year, or $100,000.00 for the five year term. The lease also contained a provision giving the lessee an option to renew the lease for another five years and notice of the lessee's determination to exercise the option was to be given six months prior to the expiration of the lease by written notice to the lessor.

On October 5, 1931, the defendant, Buckeye-Sheriff Street Realty Company, by Joseph E. Wuerstner, Treasurer, sent to the plaintiff the following letter:

"THE ALLIED PROPERTIES COMPANY
PROSPECT-FOURTH BLDG.
CLEVELAND

October 5, 1931

M. J. Harris Company
Swetland Building
Cleveland, Ohio.
Gentlemen,

In accordance with our agreement, we are handing you herewith our check for $1,400.00, and seven (7) notes of $200.00 each, dated October 1, 1931 and payable at the rate of $200.00 per month until the entire series of seven have been paid. This is in full for your commission on the initial term of five years of The Kroger Grocery & Baking Company lease.

With reference to the renewal option contained in the lease, we will when and if The Kroger Company exercises its right to renew for the second five year term, pay you a like amount of $2800.00 as your commission for such renewal period.

Sincerely,
THE BUCKEYE SHERIFF STREET REALTY CO.
By      Joseph E. Wuerstner,
          Treasurer."

The Kroger Grocery & Baking Company did not renew its lease before the

termination thereof for another five years, but entered into negotiations with the defendant lessor with the result that The Kroger Grocery & Baking Company on May 15, 1936, being just six months before the expiration of the existing lease, executed a lease with the defendant company for the term commencing November 16, 1936 and ending November 15, 1937, at the same rental of $20,000 per year with an option to renew the lease for another term of four years.

Plaintiff makes no claim of fraud or that the failure of the Kroger Grocery & Baking Company to exercise its right of renewal and the execution of the lease were motivated by the desire of the defendant to avoid the payment of a commission to the plaintiff.

On May 7, 1937, the parties executed another lease by which the Kroger Grocery & Baking Company leased the property for the term commencing November 16, 1937 and ending November 15, 1938, for one year at the same rental of $20,000.00 per year with a right to renew the lease for a term of three years.

On May 9, 1938, the parties executed another lease by which The Kroger Grocery & Baking Company leased the premises for the term commencing November 16, 1938, and ending November 15, 1939, for a rental of $20,000.00 per year. The option clause provided that the lessee should be entitled "to the privilege of four successive renewals of this lease of one year term each" and also "unless lessee shall notify lessor six months prior to the expiration of the original term or any renewal thereof of its intention to terminate the lease it shall be deemed to have exercised its option to renew for the next ensuing term." The Kroger Grocery & Baking Company under this lease continued in possession of the premises until the time of trial.

This action was filed by the plaintiff on September 14, 1937. The petition stated that "the plaintiff obtained for the defendant The Kroger Grocery & Baking Company as its tenant for the said premises; that the lease was executed as above set forth and that the written memorandum of the agreement as to commission was to be found in the said letter of October 5, 1931." The petition then states, "that the first five year term of said lease expired September 30, 1936, and said The Kroger Grocery & Baking Company remained in possession of said premises exercising its rights under said option for possession and tenancy of said premises and has since said date paid its rental to the defendant. That by reason of the foregoing the defendant is indebted to the plaintiff in the sum of $2800.00 with interest thereon."

No amended or supplemental petition was filed and the plaintiff went to trial on this petition.

If the Kroger Company, prior to six months before the expiration of the first lease had exercised its option of renewal for another five year term, clearly the commission of $2800.00 would have been payable to the plaintiff. It seems to me equally clear that until The Kroger Grocery & Baking Company remained in possession as lessee for a full term of five years or had obligated itself to remain a tenant for that period, under no view of the facts can the defendant be held to be liable for a second commission of $2800.00. At the time this action was filed the parties had executed two renewal leases and The Kroger Company had not obligated itself to remain as a tenant beyond November 15, 1938, or seven years in all. By its failure on or before May 15, 1940, to give notice of its intention to terminate the lease, The Kroger Grocery & Baking Company obligated itself to continue as a tenant of the premises until November 15, 1941, which would be ten years from the date it entered into possession.

Inasmuch as under the letter of October 5, 1931 it was necessary for The Kroger Grocery & Baking Company to become obligated as lessee for another five years before the plaintiff would be entitled to another commission of $2800.00, no claim for this second commission could possibly have arisen in favor of the plaintiff until May 15, 1940. Whether or not, if this case had been

filed on or after May 15, 1940, the successive renewals by The Kroger Company would be interpreted to come within the terms of the letter of October 5, 1931, as an election to renew for another five year term, to me presents a question of real difficulty and considerable doubt. However, I have no doubt that the evidence does not support a claim for commission, based on the petition on which the plaintiff went to trial.

I should add that the difficulty and the doubt which I have suggested might be in the case under a different state of facts and pleadings, are not shared by my colleagues. It is their opinion that when The Kroger Grocery & Baking Company failed to renew the first lease "for the second five-year term" all claims by the plaintiff for a second commission failed utterly and no successive continuous renewals by The Kroger Grocery & Baking Company, even at the same rental and continuing for a full five-year period, could possibly be the basis of any claim for a second commission, upon the cause of action stated in the petition.

For the reasons stated I join in the judgment of reversal of this case.

LIEGHLEY, PJ. and SKEEL, J., concur.